```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ANNE SCHAEFFER                                   CIVIL ACTION

VERSUS                                           NO: 07-7795

ALLSTATE INSURANCE COMPANY                       SECTION: R(4)
```

**ORDER**

Before the Court is plaintiff's unopposed motion for remand. For the following reasons, the Court GRANTS plaintiff's motion.

**I.   BACKGROUND**

Hurricane Katrina damaged plaintiff's home in Slidell, Louisiana. Plaintiff Anne Schaeffer sued defendant Allstate Insurance Company, her homeowner's insurer, in state court for breach of contract, improper claims adjustment, and breach of the duty of good faith and fair dealing, in connection with the damage to her house resulting from Hurricane Katrina. Plaintiff also seeks recovery of penalties and attorney's fees under

Louisiana Revised Statutes §§ 22:658 and 22:1220.  As is the case with many hurricane-related complaints filed in state court, plaintiff did not specify the amount in controversy in her state-court petition.  Allstate removed this case, invoking this Court's diversity jurisdiction.

Plaintiff now brings this Motion for Remand.  Plaintiff contends that the jurisdictional amount under 28 U.S.C. § 1332(a) does not exist, and therefore this Court lacks subject matter jurisdiction.

## II. LEGAL STANDARDS

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Though the Court must remand the case to state court if

at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.     Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiff filed her complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages.  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in

controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

## III. DISCUSSION

Plaintiff contends that defendant has not met its burden in proving that the amount of controversy exceeds $75,000. Plaintiff's state court petition did not allege a specific amount of damages. Plaintiff also did not claim that her home was a "total loss." Plaintiff's policy contained coverage with the following limits on liability: $222,800 for building, $22,280 for

4

other structures and $155,960 for contents. (R. Doc. 8-1). In its removal petition, Allstate contends that although it made payments to plaintiff under the policy, removal is proper since there is more than $75,000 remaining on plaintiff's policy limits. Allstate also notes that plaintiff has asserted claims for statutory penalties and attorney's fees under La. Rev. Stat. §§ 22:658 and 22:1220. As such, Allstate essentially avers that it is "facially apparent" that the amount in controversy requirement is met.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action); *see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062 at *1 (E.D. La. 1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered). Plaintiff did not assert that the amount of her claim approaches or exceeds the policy limits, and thus the policy limits are not determinative of the amount in controversy.

That plaintiff seeks penalties and attorney's fees is also not determinative of the amount in controversy. Louisiana law

allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim.  Under these circumstances, the Court considers claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).  Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220.  A plaintiff, however, must show proof of actual damages arising from the breach to recover any more than $5,000. *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995).  Under section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La. Rev. Stat. § 22:658 (emphasis added).

Based on the facts alleged in plaintiff's petition, the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000.  Allstate has not submitted any evidence indicating that the plaintiff's claims are for more

than $75,000.  With no evidence as to the extent of the damage to plaintiff's property, or the other damages plaintiff suffered, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's Motion to Remand.

New Orleans, Louisiana, this 26th day of August, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE